UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER UNDERWOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-00640-JPH-TAB |
| | ) | |
| DENNIS MEYER, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING COMPLAINT
AND DIRECTING SERVICE OF PROCESS**

Indiana Department of Correction (IDOC) inmate Christopher Underwood commenced this 42 U.S.C. § 1983 action on March 16, 2021 and paid an initial partial filing fee on April 15, 2021. Dkt. 9. The Court now screens the complaint and makes the following rulings.

**I.
Screening Standard**

Because the plaintiff is a prisoner, his complaint is subject to the screening requirements of 28 U.S.C. § 1915A(b). This statute directs that the Court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (same). The Court construes *pro se* pleadings

1

liberally and holds *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II.
## The Complaint

The complaint names two defendants: Dennis Meyer and Gregg Noll. The following allegations are set forth in the plaintiff's complaint. Defendant Meyer is the dentist at Wabash Valley Correctional Facility and defendant Noll is the dentist at Pendleton Correctional Facility. In May 2019, the plaintiff filed a healthcare request form regarding a painful cavity that had reappeared in a tooth that had previously been filled. The pain interfered with the plaintiff's ability to eat. On or around June 12, 2019, the plaintiff was examined by Dr. Meyer who told him that his filling had fallen out and that he would have to be scheduled for a filling. Several months passed without the plaintiff receiving the promised appointment with the dentist. His tooth continued to deteriorate and became even more painful.

He was transferred to Pendleton Correctional Facility and submitted a healthcare request form regarding his tooth in December 2019. Medical staff examined him on January 2, 2020, and scheduled him to see the dentist in February 2020. The dentist at Pendleton Correctional Facility examined him and told him that the tooth had deteriorated too much to be refilled and had to be pulled instead. The plaintiff seeks injunctive relief and compensatory and punitive damages.

## III.
## Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

The constitutional provision implicated by the plaintiff's allegations is the Eighth Amendment's proscription against the imposition of cruel and unusual punishments. *Helling v.*

*McKinney*, 113 S. Ct. 2475, 2480 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). In order for an inmate to state a claim under § 1983 for medical mistreatment or the denial of medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference exists only when an official "knows of and disregards an excessive risk to an inmate's health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (construing *Estelle*).

The plaintiff's claim against Dr. Noll is **dismissed** for failure to state a claim because the complaint alleges only that Dr. Noll examined the plaintiff in February 2019 and determined that his tooth was too decayed and had to be pulled. There is no indication in the complaint that Dr. Noll was aware of the plaintiff's condition before this examination.

The plaintiff's Eighth Amendment claim against Dr. Meyer **shall proceed** as pleaded in the complaint. This is the only viable claim identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through June 17, 2021,** in which to identify those claims.

## IV.
## Conclusion and Service of Process

**The clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendant Meyer in the manner specified by Fed. R. Civ. P. 4(d). Process shall consist of the complaint, dkt. [2], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Defendant Meyer is identified as an employee of Wexford of Indiana, LLC. A copy of this Order shall be served on Wexford electronically. Wexford is ORDERED to provide the full name and last known home address of Dr. Meyer if he does not waive service and Wexford has such information. This information may be provided to the Court informally or may be filed ex parte. The **clerk is directed** to terminate Gregg Noll as a defendant on the docket because all claims against him have been dismissed.

**SO ORDERED.**

Date: 5/26/2021

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CHRISTOPHER UNDERWOOD
863907
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

DENNIS MEYER, Medical Employee
WABASH VALLEY CORRECTIONAL FACILITY
6908 S Old US Highway 41
Carlisle, IN 47838

Electronic service to Wexford of Indiana, LLC