UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTOPHER UNDERWOOD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:21-cv-00640-JPH-TAB ) |
| DENNIS MEYER, | ) ) |
| Defendant. | ) ) |

**ORDER ON MOTION FOR SUMMARY JUDGMENT
AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Christopher Underwood alleges that defendant Dr. Dennis Meyer violated his constitutional rights by acting with deliberate indifference to his need for dental care. The defendant has moved for summary judgment. For the reasons explained in this Order, the defendant's motion is **DENIED**.

**I.
Summary Judgment Standard**

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Comm. Sch.*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572-73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez,* 761 F.3d 822, 827 (7th Cir. 2014). The Court is only required to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant. *Grant v. Tr. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

## II.
## Factual Background

Because the Defendant has moved for summary judgment under Rule 56(a), the Court views and recites the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca,* 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted).

2

At all times relevant to his complaint, Mr. Underwood was an inmate at Wabash Valley Correctional Facility (Wabash Valley). Defendant Dennis Meyer was the dentist at Wabash Valley. Meyer Affidavit, dkt. 42-1 at ¶ 2. When inmates submitted healthcare request forms seeking dental treatment, dental administrative staff would process the forms before sharing them with Dr. Meyer so he could determine the priority for scheduling an exam with the inmate. *Id.* at ¶ 9. After he made this determination, his staff was responsible for scheduling the appointment with prison custody staff. *Id.*

Mr. Underwood submitted a healthcare request form on May 26, 2019, that was received by the dental department on June 3, 2019. His request stated: "I have a hole in my tooth and would like to see the dentist (as soon as possible.)"[1] Dkt. 50-1 at 1. Under the section of the form to be completed by health care staff, it states, "Rec'd by dental 6-3-19, forwarded to dentist for scheduling [initials]." *Id.*

During Mr. Underwood's June 12, 2019, dental appointment, Dr. Meyer performed a full periodic oral exam. Dkt. 42-1 at ¶ 7; Medical Records, dkt. 42-2 at 5. He observed that the back side of Mr. Underwood's tooth #19 was fractured off next to a filling. *Id.* Dr. Meyer attested that further care was not urgent because Mr. Underwood did not express that he was in any pain. *Id.* Therefore, Dr. Meyer noted that Mr. Underwood should be scheduled for a routine filling. *Id.*

---

[1] Mr. Underwood testified during his deposition that his healthcare request form stated that he was in pain, but the actual form does not support that assertion. *See* Underwood Deposition, dkt. 42-3 at 4 (transcript p. 11); Healthcare Request Form, dkt. 50-1 at 1.

Mr. Underwood's recollection of the exam differs from Dr. Meyer's. Mr. Underwood testified at his deposition that Dr. Meyer told him that a filling had fallen out and that they would call him back in to fill it. Underwood Deposition, dkt. 42-3 at 4 (transcript p. 11). He also testified that he told Dr. Meyer that he was in pain. *Id.* at 7 (22) ("He left me in pain and suffering for months. And he knew about it."); *id.* at 7 (23) ("[W]hy didn't you call me back within six weeks to deal with the problem. Why leave me in so much pain and suffering. . . . I'm telling you that it's hurting. I'm telling you I'm in pain."). Although Dr. Meyer did not prescribe him any pain medication, Mr. Underwood already had keep-on-person prescriptions for Tylenol and Trileptal at that time, as well as a prescription for Neurontin. *Id.* at 5 (16).

When several months passed without being called back to the dentist's office, Mr. Underwood submitted another healthcare request form on October 8, 2019, that stated:

> I submitted a health care request several months ago to dental and was eventually seen regarding a hole in my tooth. I was told at that time that my f[il]ling had come out and that I would be called back to deal with it. Again it's now been several months, it's still painful and has gotten worse to the point I can't chew anything on that side of my mouth. Need to be seen ASAP.

Dkt. 50-1 at 2. Under the section of the form to be completed by health care staff, it states, "HCR recv'd & screened by dental 10-9-19 [initials] Forwarding to dentist." *Id.* Dr. Meyer has no recollection of receiving the October healthcare request form. Dkt. 50-1 at ¶ 10.

Mr. Underwood was transferred to Pendleton Correctional Facility on October 25, 2019. Dkt. 42-3 at 4 (12). After submitting several healthcare

4

requests at his new facility, the dentist there, Dr. Noll, pulled his tooth on February 6, 2020. *Id.* at 12, 18; Dkt. 42-2 at 5. Dr. Noll stated in an email response to Mr. Underwood's grievance:

> Please note that he was seen for this tooth at WCF on 06/12/19 but treatment was not rendered prior to arriving at ISR on 10/25/19. He did not make ISR dental staff aware of his dental needs until submitting a HCR in late December. Judging from the radiograph taken on 01/02/2020, it is highly unlikely that the treatment would have varied.

Dkt. 50-1 at 3.

### III. Discussion

The Eighth Amendment's prohibition against cruel and unusual punishment imposes a duty on the states, through the Fourteenth Amendment, "to provide adequate medical care to incarcerated individuals." *Boyce v. Moore*, 314 F.3d 884, 889 (7th Cir. 2002) (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). "Prison officials can be liable for violating the Eighth Amendment when they display deliberate indifference towards an objectively serious medical need." *Thomas v. Blackard*, 2 F.4th 716, 721–22 (7th Cir. 2021). "Thus, to prevail on a deliberate indifference claim, a plaintiff must show '(1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent.'" *Johnson v. Dominguez*, 5 F.4th 818, 824 (7th Cir. 2021) (quoting *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 662 (7th Cir. 2016)).

Dr. Meyer admits, for his summary judgment motion, that Mr. Underwood's fractured tooth was a serious medical need. Dkt. 41 at 9. So Dr. Meyer is entitled to summary judgment only if no reasonable jury could find that

Dr. Meyer acted with deliberate indifference—that is, that he consciously disregarded a serious risk to Mr. Underwood's health. *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016).

But there are disputes of material fact on that question that must be resolved by a jury at trial. Mr. Underwood has designated evidence that he told Dr. Meyer during the June dental appointment that he was in pain. Dr. Meyer has designated evidence that Mr. Underwood did not tell him he was in pain. This dispute is material because, if Dr. Meyer did not know about Mr. Underwood's pain, his failure to immediately schedule a follow-up appointment may have been reasonable under the circumstances. *See Whiting v. Wexford Health Servs.*, 839 F.3d 658, 662 (7th Cir. 2016) ("A prison official is deliberately indifferent *only if he knows of* and disregards an excessive risk to inmate health." (emphasis added)). On the other hand, if Dr. Meyer knew that Mr. Underwood was in pain, his failure to immediately schedule a follow-up appointment could support the inference that he was deliberately indifferent to Mr. Underwood's pain. *See Dobbey v. Mitchell–Lawshea*, 806 F.3d 938, 940 (7th Cir. 2015) ("A dentist demonstrates deliberate indifference by failing to treat the patient promptly, this prolonging the patient's pain, while knowing that the patient may well be in serious pain that is treatable."). A jury must hear the evidence and make credibility findings to resolve this dispute.

For the same reasons, a jury must decide whether Dr. Meyer received Mr. Underwood's October health care request form. On that form, Mr. Underwood states that the tooth is "still painful," has gotten "worse to the point [he] can't

chew anything on that side of [his] mouth," and that he needs "to be seen ASAP." Dkt. 50-1 at 2. Under Wabash Valley procedures, after health care request forms were "received and processed by staff, the forms were shared with [Dr. Meyer] so that [he] could determine who needed to be scheduled when." Dkt. 42-1 at 2 ¶ 9. Moreover, the note from the health care staff says, "[f]orwarding to dentist." Dkt. 50-1 at 2. Yet Dr. Meyer testified that he has no recollection or knowledge of seeing that health care request form. Dkt. 42-1 at 2 ¶ 10. If a jury were to find that Dr. Meyer didn't see the form, it could conclude that his failure to immediately schedule a follow-up appointment was reasonable under the circumstances. *See Whiting*, 839 F.3d at 662. On the other hand, if a jury were to find that he did see the form, the delay in scheduling a follow-up appointment could support the inference that he was deliberately indifferent to Mr. Underwood's pain. *See Dobbey*, 806 F.3d at 940. A jury must hear the evidence and make credibility findings to determine whether Dr. Meyer followed a course of treatment that left Mr. Underwood in "serious but avoidable pain." *Berry v. Peterman*, 604 F.3d 435, 437–38 (7th Cir. 2010).

Nevertheless, Dr. Meyer argues that he is entitled to summary judgment because he wasn't responsible for scheduling dental appointments. Dkt. 51 at 5–6. But the designated evidence shows a factual dispute about that too. Dr. Meyer's affidavit states that he "was not responsible for scheduling appointments with offenders." Dkt. 42-1 at 2 ¶ 9. It also states, however, that after health care request forms were processed by staff, "the forms were shared with me so I could determine who needed to be scheduled when. After determining priority, I would

7

send the healthcare request forms back to administrative staff, who would then contact custody to schedule appointments when needed." *Id.* So while Dr. Meyer may not have selected the specific date and time of dental appointments or put them on a calendar, a reasonable jury could find that he played a substantial role in determining when a patient's appointment would be scheduled. *Id.* A reasonable jury could therefore find that Dr. Meyer's failure to instruct administrative staff to schedule a follow-up appointment to treat Mr. Underwood's tooth pain constituted deliberate indifference. *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) ("A delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain.").

Last, Dr. Meyer argues that Mr. Underwood's outcome—having his tooth pulled to resolve the dental issue—would not have been different even if he had been seen sooner. Dkt. 52 at 5–6. But while Mr. Underwood argues that he would still have his tooth if he had received adequate treatment, dkt. 50 at 3, his claim is based on the pain he suffered, dkt. 2 at 4. Mr. Underwood had some pain-medication options already available, but he has designated evidence that he remained in pain from his tooth despite that medication. *See* dkt. 42-3 at 4–5. And there's no evidence that his remaining pain couldn't have been addressed sooner through dental treatment or other medication options. *See McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) ("A delay in treatment may constitute deliberate indifference if the delay . . . unnecessarily prolonged an inmate's pain."). There are therefore triable issues of fact for a jury.

8

Because these disputes of material facts remain, Dr. Meyer is not entitled to summary judgment.

## IV.
## Conclusion

For the reasons discussed above, the defendant's motion for summary judgment, dkt. [40], is **denied**. The defendant's motion to strike Mr. Underwood's surreply is **denied as moot** because summary judgment must be denied under the arguments and designated evidence without considering the surreply and accompanying affidavit. Dkt. [55].

Because it is the Court's preference that Mr. Underwood be represented by counsel for trial or any potential settlement conference, the Court will attempt to recruit counsel to represent him. He shall have **through April 14, 2023,** in which to file a motion for recruitment of counsel or object to the recruitment of counsel on his behalf. **The clerk is directed** to include the motion for counsel form with the plaintiff's copy of this Order.

After counsel is appointed for the plaintiff, the Magistrate Judge is requested to schedule a status conference to discuss what further preparations are needed for trial and whether this matter is amenable to settlement.

**SO ORDERED.**

Date: 3/29/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CHRISTOPHER UNDERWOOD
863907
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

All Electronically Registered Counsel

Magistrate Judge Tim A. Baker